915 F.2d 1564
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Harold EMANUEL, Petitioner-Appellant,
v.
S.R. WITKOWSKI, Warden, State of South Carolina, Parole
Commission, North Carolina, Attorney General of
the State of North Carolina,
Respondents-Appellees.
 No. 90-6573.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 31, 1990.
Decided Oct. 9, 1990.
Rehearing and Rehearing In Banc Denied Oct. 29, 1990.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. G. Ross Anderson, Jr., District Judge. (CA-89-2706-3)
 Harold Emanuel, appellant pro se.
 D.S.C.
 DISMISSED.
 Before CHAPMAN, WILKINSON and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Harold Emanuel filed this 28 U.S.C. Sec. 2241 action in the District of South Carolina. In it, he challenges both the validity and the effects on the conditions of his confinement of a detainer filed against him for parole violations by the state of North Carolina.
 
 
 2
 The district court for the district of South Carolina correctly determined that the proper jurisdiction for a challenge to the validity of the detainer was the Eastern District of North Carolina. The court could have transferred this claim to the district of North Carolina under 28 U.S.C. Sec. 1631. Such a transfer, however, is only permitted, under the terms of the statute, "in the interests of justice." The interests of justice would not be served here as the claim challenging the validity of the detainer is meritless. Cf. Narthex Consulting Corp. v. Watt, 722 F.2d 779 (D.C.Cir.1983), cert. denied, 467 U.S. 1210 (1984). Emanuel has no right under the due process clause to an immediate parole revocation hearing. Moody v. Daggett, 429 U.S. 78 (1976).
 
 
 3
 On the other hand, the district court in South Carolina should have considered Emanuel's claim challenging the adverse effects of the detainer on the conditions of his confinement. A federal district court in the state of confinement may entertain such a claim by habeas corpus. Norris v. Georgia, 522 F.2d 1006 (4th Cir.1975). Having reviewed the record and the filings in this court, we find this claim to be without merit.
 
 
 4
 Accordingly, we deny a certificate of probable cause to appeal and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 DISMISSED.